Dear Representative McCubbin:
This letter is in response to your question asking whether a city can enter into a mutual agreement with a fire protection district for fire protection services and whether a city can enter into a mutual agreement with a not-for-profit fire association for fire services. Apparently, your question also asks whether or not the three types of entities noted, the city, the fire protection district and a not-for-profit fire association may enter into a joint agreement.
In our Opinion No. 48-1972, this office recognized that Section 321.220, RSMo, authorized a fire protection district to contract with any person, partnership, association or corporation, public or private, affecting the affairs of the district. That opinion also recognized that there are certain limitations with respect to such contracts in that there are some functions which cannot be performed by contract.
Under Sections 70.210, et seq., RSMo, political subdivisions as defined therein, including cities and fire districts, have the authority to contract and cooperate with other municipalities or political subdivisions, or with an elective or appointive official thereof, or with a duly authorized agency of the United States or of the State of Missouri, or with other states or their municipalities or political subdivisions, or with any private person, firm, association or corporation, for the planning, development, construction, acquisition or operation of any public improvement or facility or for a common service; provided that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision must be within the scope of the powers of such municipality or political subdivision.
It seems clear from such section that a cooperative agreement can be entered into between a fire protection district and a city or between a city and a not-for-profit fire protection association or by a city, a fire protection district and such a not-for-profit association.
We do not pass upon the propriety of any particular agreement. Further, we assume, without deciding, that the not-for-profit association is within its powers in entering into such agreements.
Very truly yours,
 JOHN ASHCROFT Attorney General